UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL J. HICKS,

    Plaintiff,

v.

MICHAEL YEH, et al.,

    Defendants.

Case No. 22-cv-06865-JD

**ORDER TO SHOW CAUSE**

Re: Dkt. No. 11

Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff also filed a motion to proceed in forma pauperis ("IFP") but conceded that he is three strikes barred and cannot proceed IFP pursuant to 28 U.S.C. § 1915(g), unless he is under imminent danger of serious physical injury.

The Prison Litigation Reform Act of 1995 ("PLRA"), provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The plain language of the imminent danger clause in § 1915(g) indicates that "imminent danger" is to be assessed at the time of filing of the complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). The Ninth Circuit has also found that "the imminent danger exception to § 1915(g) requires a nexus between the alleged imminent danger and a prisoner's complaint." *Ray v. Lara*, 31 F.4th 692, 695 (9th Cir. 2022). The Ninth Circuit adopted the Second Circuit's "nexus test" from *Pettus v. Morgenthau*, 554 F.3d 293, 299 (2d Cir. 2009). The

1 factors are (1) whether the imminent danger of serious physical injury that a three-strikes litigant 2 alleges is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a 3 favorable judicial outcome would *redress* that injury. *Ray*, 31 F.4th at 701. "Thus, in order to 4 qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege 5 imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged 6 in his complaint and redressable by the court." *Id*. Plaintiff must show cause why the IFP 7 application should not be denied.

8 The Court has also reviewed plaintiff's amended complaint. Plaintiff raises claims regarding medical care that he received from defendants at multiple prisons from all four federal court districts in California. Only one defendant and claim concerns events that occurred in the Northern District. The claims and defendants for the other districts are dismissed without prejudice and plaintiff may pursue cases in those districts.

Plaintiff was transferred to Salinas Valley State Prison, which is in this district, on October 11, 2022. Dkt. No. 11 at 13. He presents a claim for denial of medical care that occurred after that date at that prison. However, with respect to exhaustion, plaintiff submitted an appeal on May 25, 2022, when he was incarcerated at a different prison. It does not appear that plaintiff has exhausted his claim for the events at Salinas Valley State Prison.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Plaintiff must also show cause why this case should not be dismissed without prejudice as unexhausted.

For the foregoing reasons:

1. Plaintiff shall show cause within **twenty-eight (28) days**, why this case should not be deemed three strikes barred and the application to proceed in forma pauperis denied and why this case should not be dismissed without prejudice as unexhausted. In the alternative to showing cause why the action should not be dismissed as three strikes barred, plaintiff may pay the full $402.00 filing fee by the deadline.

2. Plaintiff's motion to amend (Dkt. No. 11) is **GRANTED** and the Court has reviewed the amended complaint.

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: January 11, 2023

JAMES DONATO
United States District Judge