1

2

3

4

5

6              UNITED STATES DISTRICT COURT

7            NORTHERN DISTRICT OF CALIFORNIA

8

9    MICHAEL J. HICKS,                     Case No.  22-cv-06865-AMO (PR)

10                   Plaintiff,            **ORDER OF DISMISSAL WITHOUT
                                           PREJUDICE**
11           v.

12   MICHAEL YEH, et al.,

13                   Defendants.

14

15          The instant action was opened on November 4, 2022, when plaintiff, a state prisoner

16   currently incarcerated at Salinas Valley State Prison ("SVSP"), filed a *pro se* civil rights complaint

17   under 42 U.S.C. § 1983, alleging Defendants' deliberate indifference to his medical needs.  Dkt. 1.

18          Plaintiff filed a request for leave to proceed *in forma pauperis* ("IFP") but conceded that he

19   is three strikes barred and cannot proceed IFP pursuant to 28 U.S.C. § 1915(g),[1] unless he is under

20   imminent danger of serious physical injury.  Dkt. 2.

21          On January 11, 2023, the Honorable Judge James Donato issued an Order to Show Cause

22   and directed plaintiff to "show cause within twenty-eight (28) days, why this case should not be

23   deemed three strikes barred and the application to proceed [IFP] denied and why this case should

24   _____

25          [1] On April 26, 1996, the Prison Litigation Reform Act of 1995 ("PLRA") was enacted and
     became effective.  The PLRA provides that a prisoner may not bring a civil action or appeal a civil
26   judgment IFP "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in
     any facility, brought an action or appeal in a court of the United States that was dismissed on the
27   grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,
     unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).
28

United States District Court
Northern District of California

not be dismissed without prejudice as unexhausted." Dkt. 12 at 2 (citing 28 U.S.C. § 1915(g)). Judge Donato added as follows: "In the alternative to showing cause why the action should not be dismissed as three strikes barred, plaintiff may pay the full $402.00 filing fee by the deadline." *Id.*

On January 30, 2023, plaintiff filed a response. Dkt. 13. Thereafter, on February 10, 2023, he filed a supplemental response. Dkt. 14.

On March 15, 2023, Judge Donato found plaintiff had on five prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted:

> Plaintiff has filed more than forty cases throughout California. The Court has found the following five cases to be strikes pursuant to § 1915(g): *Hicks v. Lizzarrage*, 16-cv-0453 JAM EFB (E.D. Cal.); *Hicks v. Rowe*, 11-cv-0680 CJC FMO (C.D. Cal.); *Hicks v. Family Healthcare*, 08-cv-5978 UA FMO (C.D. Cal.); *Hicks v. CDCR*, 08-cv-0511 SPK (E.D. Cal.); and *Hicks v. Berkson*, 02-cv-5905 A WI SMS (E.D. Cal.).

*See* Dkt. 15 at 2-3 (citing 28 U.S.C. § 1915(g)). Judge Donato also noted that plaintiff "d[id] not contest that these are strikes but argue[d] that h[e] [was] under imminent danger of serious physical injury." *Id.* Judge Donato then considered plaintiff's response and supplemental response and further found that plaintiff was not under imminent danger of serious physical injury, stating as follows:

> Plaintiff raises claims regarding medical care that he received from defendants at multiple prisons from all four federal districts in California. Only one defendant and claim concerns events that occurred in the Northern District. The Court already dismissed the claims and defendants from other district without prejudice so plaintiff may pursue cases in those districts.
>
> Plaintiff states that he has degenerative disc disease in his cervical spine, a bone tumor in his leg and suffered a stroke. With respect to the bone tumor, plaintiff argues that he is in pain and his morphine has been taken away and that he needs surgery. With respect to the degenerative disc disease, plaintiff contends that doctors are denying effective pain medication. He argues that these medical conditions and lack of pain medication and appropriate care place him in imminent danger.
>
> Plaintiff presents serious allegations regarding his health and treatment. However, plaintiff has been presenting the same allegations regarding these medical conditions for more than five

1    years.  *See Hicks v. Shakiba*, 21-cv-1867 JLS AGS (SD. Cal.); *Hicks
     v. Clayton*, 21-cv-1866 JLS WVG (S.D. Cal.); *Hicks v. Gamboa*, 19-
2    cv-3010 CRB (N.D. Cal.); *Hicks v. Davis*, 19-cv-2424 MCE CKD
     (E.D. Cal.)[;] *Hicks v. Felder*, 17-cv-1167 AWI BAM (E.D. Cal.).
3    Reviewing these cases, it is clear that plaintiff is receiving treatment,
     but he disagrees with the treatment.  With respect to the allegations
4    regarding events that occurred in the Northern District in this
     complaint, plaintiff has been provided Cymbalta, Tylenol and
5    Lidocaine patches for pain and is on a waiting list to see a
     neurosurgeon.

6           In light of the medical treatment he is currently receiving and has been
            receiving over the years, plaintiff fails to demonstrate that he is under
7           imminent danger of serious physical injury.

8    *Id.* at 2-3 (citations omitted and brackets added); *see Andrews v. Cervantes*, 493 F.3d 1047, 1053

9    (9th Cir. 2007) (The plain language of the imminent danger clause in § 1915(g) indicates that

10   "imminent danger" is to be assessed at the time of filing of the complaint.)  Judge Donato further

11   noted that "[o]ther courts have specifically found that plaintiff does not face imminent danger of

12   serious physical injury pursuant to § 1915(g) with similar allegations."  *Id.* at 3 (citing *Hicks v.*

13   *Shakiba*, 21-cv-1867 JLS AGS (SD. Cal.); *Hicks v. Clayton*, 21-cv-1866 JLS WVG (S.D. Cal.)).

14   Consequently, pursuant to § 1915 (g), Judge Donato denied plaintiff's motion for leave to proceed

15   IFP.  Dkt. 15.  Judge Donato instructed plaintiff as follows:

16          To proceed with this case, he must pay the full filing fee, four hundred
            and two dollars ($402), within **twenty-eight (28) days** of the date this
17          order.  Failure to pay the full filing fee may result in dismissal of this
            action.
18
     *Id.* at 3-4 (emphasis in original).
19
20          Fifteen days later, on March 30, 2023, instead of paying the full filing fee, plaintiff

21   appealed Judge Donato's denial of his IFP motion to the Ninth Circuit.  Dkt. 16.

22          This case was reassigned to the undersigned judge on May 12, 2023.  Dkts. 20, 21.

23          On May 31, 2023, the Ninth Circuit issued an order denying plaintiff's motion for IFP on

24   appeal pursuant to § 1915(g), stating as follows:

25          Appellant's motion to proceed *in forma pauperis* (Docket Entry No.
            4) is denied because appellant has had three or more prior actions or
26          appeals dismissed as frivolous, malicious, or for failure to state a
            claim upon which relief may be granted, and appellant has not alleged
27          imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g);
            *Hicks v. Lizarraga*, et al., 16-cv-0453 JAM-EFB (E.D. Cal. Aug. 29,
            2018) (dismissed for failure to state claim); *Hicks v. Rowe, et al.*, 11-
28          cv-0680 CJC FMO (C.D. Cal. April 28, 2011) (dismissed for failure

to state claim); *Hicks v. CDCR*, 08-cv-0511 SPK (E.D. Cal. April 23, 2009) (dismissed for failure to state claim).

Dkt. 22 at 1.  The Ninth Circuit further instructed plaintiff as follows:

> Within 21 days after the date of this order, appellant shall pay $505.00 to the district court as the docketing and filing fees for this appeal and file proof of payment with this court.  Failure to pay the fees will result in the automatic dismissal of the appeal by the Clerk for failure to prosecute, regardless of further filings.  *See* 9th Cir. R. 42-1.

*Id.* at 1-2.

On June 30, 2023, the Ninth Circuit dismissed the appeal, stating as follows:

> A review of the docket demonstrates that appellant has failed to respond to the May 31, 2023 order of this court.  Pursuant to Ninth Circuit Rule 42-1, this appeal is dismissed for failure to prosecute. This order served on the district court shall, 21 days after the date of the order, act as the mandate of this court.

Dkt. 23 at 1.  Twenty-one days have passed and thus a mandate has since been issued by the Ninth Circuit.  *See id.*

Because the appeal has been dismissed, the Court now reviews the instant action and points out that plaintiff was given the opportunity to be heard on the question of whether the instant action is subject to dismissal under § 1915(g).  *See Andrews v. King*, 398 F.3d 1113, 1120-21 (9th Cir. 2005) (allowing the plaintiff an opportunity to be heard on the matter before dismissing the action under § 1915(g)).  Also, Judge Donato has denied plaintiff's motion for leave to proceed IFP because his response to the January 11, 2023 Order to Show Cause failed to establish that § 1915(g) does not apply.  *See* Dkt. 15.  Furthermore, even though plaintiff was given an opportunity to pay the full filing fee, he has failed to do so by the twenty-eight-day deadline.

Accordingly, this action is hereby **DISMISSED** without prejudice to plaintiff's refiling his claims in a new case in which he pays the filing fee, and the complaint, filed November 4, 2022 (Dkt. 1), is hereby **STRICKEN**.[2]

---

[2] The Court need not address the alternative issue relating to exhaustion raised by Judge Donato in the January 11, 2023 Order to Show Cause, *see* dkt. 12 at 2-3, because it has already dismissed this case without prejudice pursuant to § 1915(g).

4

1    The Clerk of the Court shall terminate all pending motions and close the file.

2    **IT IS SO ORDERED.**

3    Dated: August 8, 2023

4

5    _____

6    ARACELI MARTÍNEZ-OLGUÍN
     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

5